IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| JIMMIE D. ROSS and<br>PAMELA A. ROSS<br><br>      Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)    No: 1:07-cv-584 (JR)<br>)<br>)<br>)<br>) |

## UNITED STATES' MOTION TO DISMISS COMPLAINT

DEFENDANT, the United States of America, moves the Court to dismiss plaintiffs' complaint on the grounds that they failed to state a claim upon which relief can be granted.

A memorandum of points and authorities in support of this motion and a proposed order are submitted herewith.

DATE: June 5, 2007.　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　／s／ Pat S. Genis
　　　　　　　　　　　　　　　　　　PAT S. GENIS, #446244
　　　　　　　　　　　　　　　　　　Trial Attorney, Tax Division
　　　　　　　　　　　　　　　　　　U.S. Department of Justice
　　　　　　　　　　　　　　　　　　Post Office Box 227
　　　　　　　　　　　　　　　　　　Washington, DC  20044
　　　　　　　　　　　　　　　　　　Tel./FAX:  (202) 307-6390/614-6866
　　　　　　　　　　　　　　　　　　Email: pat.genis@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

2479017.1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| JIMMIE D. ROSS and <br> PAMELA A. ROSS <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No: 1:07-cv-584 (JR) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM IN SUPPORT OF UNITED STATES'
MOTION TO DISMISS CASE**

This is a civil action in which plaintiffs allege that the Internal Revenue Service disregarded various provisions of the Internal Revenue Code and regulations promulgated under the Code.1/  Plaintiffs seek damages for alleged unauthorized collection activities.

QUESTION PRESENTED

Plaintiffs seek damages under 26 U.S.C. § 7433.  The complaint consists of generalized allegations without factual support.  Should the Court dismiss plaintiffs' complaint for failure to state a claim upon which relief can be granted.

STATEMENT

1. <u>Introduction & background</u>.  Plaintiffs, Jimmie D. & Pamela A. Ross, filed this complaint on March 26, 2007, and served the United States Attorney General on April 6,

---

1/ This is plaintiffs' second complaint with virtually the same allegations. (*See* Case no. 06-963, filed on May 22, 2006.)  Plaintiffs' first case was dismissed under Fed.R.Civ.P. 12(b)(6) for failure to exhaust administrative remedies.  (*See* Dkt. #15 & 16.)

2007 and the United States Attorney for the District of Columbia on April 19, 2007. Plaintiffs did not serve the Internal Revenue Service.

2. <u>Relief sought and allegations in the complaint</u>.  The complaint seeks damages under 26 U.S.C. § 7433.  (Compl., Remedy Sought, at 24.)  Plaintiffs have organized their complaint into 33 purported "counts" of alleged wrongdoing by the Internal Revenue Service.  In each count, plaintiffs make no factual allegations, but merely restate the statutory language and assert that the Internal Revenue Service failed to implement the statutes and regulations.[2]

## ARGUMENT

### The Court Should Dismiss Plaintiffs' Claim for Damages For Failure to State a Claim.

Plaintiffs attempt to state a claim for damages under 26 U.S.C. § 7433, and seek $10,000 for each alleged disregard of statutory requirements.  (Compl., Remedy Sought, at 24.)

Plaintiffs' complaint for damages under 26 U.S.C. § 733 is legally insufficient because it fails to provide the necessary factual detail to state a claim, and should be dismissed under Fed.R.Civ.P. 12(b)(6).  A complaint need only set forth a short and

---

[2] Plaintiffs allege that the Internal Revenue Service:  disregarded certain record-keeping requirements (counts 1-2, 19-21, 29); failed to prepare substitutes for returns for them (counts 3-7); failed to disclose their returns to them (count 8); forced them to use social security numbers (count 9); failed to comply with assessment procedures (counts 10-23, 29); failed to send required notices (counts 24 & 25); failed to comply with section 6304 which prohibits harassing taxpayers (count 26); failed to provide them with hearings and mediation (counts 27, 30-31); and improperly asserted tax liens (counts 28, 32-33).

plain statement of the claim that gives the defendant fair notice of the claim and grounds upon which it rests. Fed.R.Civ.P. 8(a). But, here, there are no facts in plaintiffs' complaint to support a claim for damages; and thus, this court should conclude that plaintiffs have not, in fact or law, stated such a claim. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).

Here, most of plaintiffs' allegations involve activities which are not related to the collection of taxes. Section 7433 authorizes damages for wrongful *collection* activities only. *See, e.g., Buaiz v. United States*, 471 F.Supp.2d 129, 137 (D.D.C. 2007) ("§ 7433 waives the United Sates' sovereign immunity only with respect to claims arising from the collection of income taxes") (citing cases); *Arnett v. United States*, 889 F.Supp. 1424, 1430 (D. Kan. 1995) (actions taken during assessment of tax under 26 U.S.C. § 6672 do not constitute collection activity for purposes of Section 7433); *Sylvester v. United States*, 978 F.Supp. 1186 (E.D. Wis. 1997) (allegation that IRS incorrectly computed Section 6672 liability was an error in assessment and not collection and therefore irrelevant to Section 7433 claim); *Zolman v. IRS*, 87 F.Supp.2d 763 (W.D. Mich. 1999) (mere assertion of improper assessment of tax liability, without more, is insufficient for Section 7433 claim). Accordingly, all allegations in plaintiffs' complaint which involve non-collection activities must be dismissed. These non-collection activities are found in counts alleging violations of record-keeping requirements, (counts 1-2 & 29); the preparation of substitutes for return for taxpayers who fail to file tax returns (counts 3-7); use of taxpayer identification numbers (count 9); assessment of taxes (counts 10-18, 22-23);

collection due process hearings and mediation (counts 30-31), penalty determinations (counts 19-21) and disclosure of return information (count 8).

Plaintiffs allege only six counts that relate to collections. These six counts allege that the Internal Revenue Service: 1) failed to give them a 30-day notice before levy (count 24); 2 failed to notify them of the right to a hearing before levy (count 25); 3) failed to hold such a hearing before levy(count 17); 4) engaged in harassing behavior (count 26); 5) failed to give notice or demand payment of taxes (count 28); and 6) failed to certify the lien under section 6323. Plaintiffs' allegations, each of which is discussed below, have no factual support whatsoever, and thus fail to state a claim.

First, plaintiffs allege that they were not given a 30-day notice before levy. *See* 26 U.S.C. § 6331(d). Section 6331(d) states that "[l]evy may be made . . . upon the salary or wages or other property of any person . . . only after the Secretary ha notified such person in writing of his intention to make such levy . . . no less than 30 days before the day of the levy." 26 U.S.C. § 6331(d). Plaintiffs have not alleged any facts from which the Court can determine that any levy was made for any tax year or tax liability that would require a 30-day notice.

Second, plaintiffs allege that the Internal Revenue Service failed to give them notice of a right to a due process hearing. *See* 26 U.S.C. § 6330(a). Section 6330(a) provides for a 30-day notice of the right to a hearing before levy. Section 6330(a) states that "[n]o levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing . . . not less

than 30 days before the day of the first levy." 26 U.S.C. § 6330(a). Plaintiffs, however, have not alleged any facts from which this Court can make a determination that they were entitled to such notice. Specifically, plaintiffs have not indicated that any levy was made; the date of such levy, the taxes at issue, or any other facts from which this Court can find that they were entitled to relief under section 6330(a).

Third, plaintiffs allege that the Internal Revenue Service failed to hold a hearing before levy. *See* 26 U.S.C. § 6330(b). Section 6330(b) provides for a hearing before a levy is made. Section 6330(b) provides that a taxpayer is entitled to "notice and an opportunity for hearing upon filing of notice of lien." 26 U.S.C. §§ 6330(b). Upon the request of a taxpayer, one hearing will be held "with respect to the taxable period" described in the notice. 26 U.S.C. § 6320(b)(2). Plaintiffs have not alleged any facts from which the Court could determine that they were entitled to notice or a hearing. They have not alleged that they requested any hearing, or identified any tax lien or levies at issue.

Fourth, plaintiffs allege that the Internal Revenue Service engaged in harassing conduct. *See* 26 U.S.C. § 6304(b). Section 6304(b) states that "[t]he Secretary may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax." 26 U.S.C. § 6304(b). Again, plaintiffs merely recite the statutory language, without providing any information about the conduct of the Internal Revenue Service and how that conduct is cognizable under the statute.

Fifth, plaintiffs allege that the Internal Revenue Service asserted a tax lien without proper notice and demand. *See* 26 U.S.C. §§ 6303, 6331. The Internal Revenue Service must provide notice of a tax assessment and demand payment thereof within 60 days of an assessment, 26 U.S.C. § 6303, and must give a taxpayer 30 days notice before it can make a levy. 26 U.S.C. § 6331(d)(2).3/ Again, plaintiffs have provided no basis for their allegations and have provide no information from which this Court can conclude that they are entitled to relief.

Finally, plaintiffs allege that the Internal Revenue Service failed to certify notices of tax lien for filing under Tennessee's Uniform Tax Lien Registration Act, in violation of 26 U.S.C. § 6323. (See count 33.) Section § 6323(f) sets forth the requirements for filing a notice of federal tax lien. Nowhere in the statute is there a requirement for "certification." The statute requires that a notice of tax lien against property be filed "in the office with the State . . . as designated by the laws of such State, in which the property subject to the lien is situated." 26 U.S.C. § 6323(f)(1). The notice of federal tax lien must be filed on "Form 668, Notice of Federal Tax Lien." 26 C.F.R. § 301.6323(f)-1(d)(1). The Form 668 must identify the taxpayer, the tax liability, and the date of the

---

3/ Section 6303 states that "the Secretary shall . . . within 60 days, after the making of an assessment of a tax . . . give notice to each person liable for the unpaid tax." 26 U.S.C. § 6303(a). Section 6321 provides that "[i]f any person liable to pay any tax neglects of refuses to pay the same *after demand*, the amount . . . shall be a lien in favor of the United States upon all property and rights to property . . . belonging to such person." 26 U.S.C. 6321.

assessment. *Id*. at § 301.6323(f)-1(d)(2). Plaintiffs have provided no information about the lien(s) which they allege was improperly filed.

Based on the discussion above, plaintiff's allegations that the Internal Revenue Service engaged in unauthorized collection activities have no merit. In none of the allegations have the plaintiffs provided any information whatsoever to demonstrate their right to relief. Accordingly, they have failed to state a claim, and this Court should dismiss their complaint. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. at 1964-65.

## CONCLUSION

Plaintiffs' claims which do not allege collection activities must be dismissed for lack of jurisdiction. Those six allegations that purport to allege collection activities are completely devoid of fact or information from which the Court can conclude that plaintiffs are entitled to relief under section 7433. Thus, these six claims must be

//
//
//
//
//
//
//
//

dismissed for failure to state a claim for which relief can be granted. Therefore, this Court should dismiss plaintiffs' complaint.

DATE: June 5, 2007.

Respectfully submitted,

/s/ Pat S. Genis
PAT S. GENIS, #446244
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Tel./FAX:  (202) 307-6390/614-6866

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| JIMMIE D. ROSS and<br>PAMELA A. ROSS<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)   No: 1:07-cv-584 (JR)<br>)<br>)<br>)<br>) |

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the United States' MOTION TO DISMISS COMPLAINT and proposed ORDER were served upon plaintiffs *pro se* on June 5, 2007, by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

>Jimme D. Ross
>Pamela A. Ross
>Plaintiffs *pro se*
>230 Lexington Place
>Sevierville, TN 37862

         /s/ Pat S. Genis
        PAT S. GENIS, #446244

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| JIMMIE D. ROSS and <br> PAMELA A. ROSS <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )   No: 1:07-cv-584 (JR) <br> ) <br> ) <br> ) <br> ) |

**O R D E R**

    Having considered the United States' motion to dismiss plaintiffs' complaint, together with the memorandum in support thereof, and having further considered plaintiffs' [lack of] opposition thereto, the Court concludes that the motion ought to be granted.  Accordingly, it is this _____ day of _____, 2007, at Washington, District of Columbia,

    ORDERED that defendant's motion to dismiss be and is GRANTED;

    ORDERED that plaintiffs' complaint be and is DISMISSED;

    ORDERED that the Clerk shall distribute conformed copies of this order to the parties and representatives of the parties listed below.

_____
UNITED STATES DISTRICT JUDGE

COPIES TO:

PAT S. GENIS
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, DC 20044

Jimme D. Ross
Pamela A. Ross
Plaintiffs *pro se*
230 Lexington Place
Sevierville, TN 37862